**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **RANDY GAITAN CASTRO** | § | |
| | § | |
| V. | § | A-10-CA–35 LY |
| | § | (A-07-CR-31(2)-LY) |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Clerk's Doc. No. 507); and the Government's Response to Movant's Motion to Vacate, Set Aside or Correct Sentence (Clerk's Doc. No. 512). Movant also filed a Motion to Strike[1] Government's Response (Clerk's Doc. No. 513) on May 5, 2010. The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

**I. GENERAL BACKGROUND**

On February 29, 2007, Movant Randy Gaitan Castro ("Castro") was charged in counts one, two, five, twelve and thirteen of a thirteen-count indictment with: conspiracy to possess with intent to distribute one (1) kilogram or more of a mixture and substance containing a detectable amount of heroin, a controlled substance, contrary to 21 U.S.C. § 846 (count one); and possession with intent

---

[1] Movant entitles his pleading a "Motion to Strike the Government's Response" despite the fact that it is simply a Reply to the Government's Response. Accordingly, the Motion to Strike is HEREBY DENIED.

to distribute a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841 (counts two, five, twelve and thirteen). On August 14, 2007, Castro entered into a plea agreement with the United States wherein Castro agreed to enter a plea of guilty to count one of the indictment with the understanding that his sentence would not exceed 30 years imprisonment and a five-year term of supervised release. On August 15, 2007, at re-arraignment, Castro entered a plea of guilty to count one of the indictment. On November 16, 2007, Judge Yeakel sentenced Castro to a 292-month term of imprisonment, followed by a five-year term of supervised release, and ordered that Castro pay a fine in the amount of $1,000 and a $100 mandatory assessment fee. On November 26, 2007, Castro filed his notice of appeal. At that time, Castro's counsel filed a motion to withdraw as counsel. On November 28, 2007, the district court granted counsel's motion to withdraw. On December 12, 2007, Attorney Michael Simons was appointed to represent Castro on appeal. On August 14, 2009, the Fifth Circuit Court of Appeals dismissed Castro's appeal as frivolous. On January 15, 2010, Castro filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, along with a memorandum in support. Castro alleges that his trial counsel was ineffective for: (1) failing to object to the PSR recommending a two-level upward adjustment for possession of a firearm; and (2) failing to object to the PSR recommending a four level upward adjustment for Castro's role in the offense as a leader or organizer.

## II. STANDARD OF REVIEW

Under § 2255, there are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is

otherwise subject to collateral attack.  28 U.S.C. § 2255.  The nature of a collateral challenge under Section 2255 is extremely limited:  "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error."  *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).  If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice."  *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).  However, a defendant's claim of ineffective assistance of counsel does give rise to a constitutional issue and is cognizable pursuant to Section 2255. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1996).

### III.  DISCUSSION

**A.     Standard of Review**

In order to prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.*  A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable.  *Id.* at 689; *Little v. Johnson*, 162 F.3d 855, 860 (1998), *cert. denied*, 526 U.S. 1118 (1999).  A court will not find ineffective assistance of counsel merely because it disagrees with counsel's trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir.), *cert. denied*, 528 U.S. 947 (1999).  Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

To demonstrate the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*, 178 F.3d at 312-313 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir.), *cert. denied*, 522 U.S. 944 (1997)).

This same two-part standard applies to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Therefore, the movant has the burden of proof and of persuasion to establish that a reasonable probability exists that but for his counsel's alleged ineffectiveness, he "would not have pleaded guilty and would have insisted on going to trial." *See Czere v. Butler*, 833 F.2d 59, 63 (5th Cir. 1987) (quoting *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987)).

**B.     Failure to Object to the PSR Recommending a Two-level Upward Adjustment for Possession of a Firearm**

Castro first argues that he was not provided effective assistance of counsel when his attorney failed to object to the PSR's recommendation of a two-level upward adjustment for possession of a firearm. The facts of this case show that on June 16, 2000, two firearms were seized from the Castro residence, along with 52.48 grams of heroin [347 balloons]. *See* PSR ¶ 9. The heroin was found in a bedroom that was shared by Johnny Ruiz and Castro. *Id.* Specifically, a 9mm Smith and Wesson pistol, which was later determined to be stolen, and a Remington 700 Model, 30.06 rifle

with a scope were found next to the container of heroin. *Id.* In addition, stacks of U.S. currency totaling $2,500 were discovered in a golf bag, and $61 was found on the floor and dresser in the same room. *Id.* Based upon this arrest, Castro pled guilty to a heroin possession charge in state district court and received probation.

In his PSR, the United States Probation Officer recommended a two-level increase in his offense level computation for possession of a dangerous weapon in conjunction with the June 2000 arrest. USSG § 2D1.1(b)(1) permits a two-level increase in the offense level "[i]f a dangerous weapon (including a firearm) was possessed." This adjustment should be applied "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment (n.3). Possession of a weapon is established if the government proves by a preponderance of the evidence that a temporal and spatial relationship existed between the weapon, the drug trafficking activity, and the defendant. *United States v. Eastland*, 989 F.2d 760, 770 (5th Cir.), *cert. denied*, 510 U.S. 890 (1993). The government must provide evidence that the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred. *Id.*

Castro does not dispute that he possessed the weapon or that it was connected with the drug enterprise; he only argues that it was found as part of the prior June 2000 arrest to which he pled guilty in state court in 2001, and thus should not be included as part of the computation for his federal sentence. His argument seems to be that the language in Paragraph Two of his Plea Agreement excludes consideration of gun possession for purposes of sentence enhancement. Paragraph Two reads as follows:

5

> The United States Attorney agrees to refrain from prosecuting Defendant for other Title 18 or 21, United States Code violations of which the United States is now aware, which may have been committed by the Defendant in the Western District of Texas. That is, this action now pending is the extent of the Federal prosecution against the Defendant in the Western District of Texas based upon all facts at hand. The United States Attorney also agrees to dismiss the remaining charges against this Defendant only at the time of sentencing.

Plea Bargain Agreement at ¶ 2. (Clerk's Doc. No. 265).

This argument fails for a variety of reasons. First, Castro misreads the language in the Plea Agreement. It states that "the United States Attorney agrees to refrain from prosecuting Defendant for other Title 18 or 21, United States Code violations of which the United States is now aware." Castro was not prosecuted for possession of the weapon in connection with the offense, but rather his sentence was enhanced under the Guidelines for that possession. Second, Castro agreed in his Plea Agreement that the conspiracy commenced in June 2000.[2] Because the offense involved firearms in the residence where Castro was arrested and where the heroin was seized, his offense level was properly increased by two levels pursuant to U.S.S.G. § 2D1.1(b)(1), and inclusion of the weapon possession for enhancement purposes was proper. *See* PSR ¶¶ 9, 50; *United States v. Hernandez*, 457 F.3d 416, 423 (5th Cir. 2006). Thus Castro's counsel was not deficient for failing to object to the inclusion of the two-level enhancement in the PSR.

With regard to the prejudice prong, Castro cannot show prejudice under *Strickland* for counsel's failure to object to the weapons enhancement in the PSR. In a situation where the Movant has pled guilty, the prejudice component focuses on whether counsel's constitutionally deficient performance affected the outcome of the plea process. The defendant must present objective

---

[2] In his Plea Agreement Castro agreed that the conspiracy for which he pled guilty began "in or about June 2000 until on or about the date of the Original Indictment . . . " *See* PSR ¶ 8.

6

evidence that a reasonable probability exists that he would have not pled guilty and continued in to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Berkey v. United States*, 318 F.3d 768, 772-73 (7th Cir. 2003). The Court finds that even if counsel's failure to object to the two-point weapons enhancement included in the PSR amounted to deficient performance—an argument rejected above—Castro has not demonstrated that any such failure affected the outcome of the plea process. Castro pled guilty with an agreement permitting a sentence of up to 360 months of imprisonment; he received a sentence 68 months less than this, and he therefore cannot demonstrate that the alleged failure of his counsel had any impact on his willingness to enter his plea of guilty

**B.     Failure to Object to the Four-level Upward Adjustment for Acting as a Leader or Organizer**

Castro's second argument is that he was not provided effective assistance of counsel because his attorney failed to object to the PSR recommending a four-level upward adjustment for his role as a leader or organizer of the drug conspiracy. The factual basis, which was incorporated into the Plea Agreement signed by Movant states that "[o]fficers and agents from various federal, state and local agencies would testify that they made numerous traffic stops, conducted surveillance and seized large and small quantities of heroin from various persons" and that "various cooperating individuals, cooperating co-defendants and confidential informants have conducted undercover purchases, debriefed and provided information relating to the roles of persons and the extent of the organization's drug trafficking activities." The presentence investigation report specifically states that the investigation was based on information received from law enforcement officers from multiple agencies, and from a previous heroin investigation which established that law enforcement officers had information that the Castro brothers were involved in the distribution of heroin. *See*

7

PSR ¶ 6. The PSR further showed that in June of 2000, when Castro's two brothers (Rene and Henry) were serving state prison terms, Randy Castro became more active in the family business. *See* PSR ¶ 6. The report further shows that based on surveillance and arrests, it was determined that Randy Castro remained actively involved throughout the lifetime of the drug conspiracy (even though the role he played in the conspiracy changed), and that Castro recruited Larry Tinnon and co-defendant Mark Gomez and others, and was the leader/organizer of a drug organization that involved at least five individuals. *See* PSR ¶¶ 18, 32.

A four-level increase to a defendant's total offense score is warranted under U.S.S.G. § 3B1.1(a) if the "defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." *United States v. Fernandez*, 559 F.3d 303, 331 (5th Cir. 2009); *United States v. Valdez*, 453 F.3d 252, 262 (5th Cir. 2006). Castro was a leader organizer in a drug operation that involved at least fourteen other participants in the instant case and five others who were involved in a related case. *See* PSR, page 3; ¶¶ 31 - 43. The criminal activity in Castro's case was clearly extensive given that in excess of 14 kilograms of heroin was involved in the conspiracy.

This claim fails for the same reason as the claim above. First, the four-point leader organizer enhancement is supported by the record, so counsel's failure to object was not unreasonable. Moreover, Castro entered into a Rule 11(c)(1)(C) plea agreement with an agreed maximum sentence more than five years longer than the sentence he actually received, so the four-level leader/organizer enhancement could not have impacted his decision to plead guilty. Counsel was not deficient and Castro cannot show prejudice for this claim.

## IV.  RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that Movant Randy Gaitan Castro's Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255 be **DENIED**.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under section 2255 "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c) (1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

In this case, reasonable jurists could not debate the denial of the movant's section 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to

9

deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

## VI. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of June, 2010.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE